IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THOMAS BOXDORFER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | No.  05-3221 |
| ) | |
| DAIMLERCHRYSLER CORP., ) | |
| f/k/a CHRYSLER CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiffs Thomas Boxdorfer, Joanna Lane, Deborah Lee Franke, Stan Alcon, Alan Zuckerman, and Charles Watson's Motion to Remand (d/e 6) and Defendant DaimlerChrysler Corporation's (Chrysler) Motion to Substitute Exhibits to Notice of Removal (d/e 8)(Motion to Substitute).  For the reasons set forth below, the Motion to Substitute and Motion to Remand are ALLOWED.

Plaintiffs Thomas Boxdorfer and Joanna Lane filed the original Complaint in this action on June 2, 2000, in the Illinois Circuit Court for Madison County, Illinois.  <u>Motion to Substitute (d/e 8)</u>, Exhibit A, <u>Class</u>

1

Action Complaint (Complaint).  The original Complaint alleged a nationwide class action claim against Chrysler for deceptive business practices in violation of state consumer fraud statutes, including the Illinois Consumer Fraud and Deceptive Business Practices Act (Act).  815 ILCS 505/1 et seq.  Boxdorfer and Lane alleged that Chrysler violated the Act by hiding information about defects in the process used to paint automobiles.  The defective process caused a deterioration of the paint called "topcoat delamination," or "topcoat to Ecoat delamination."  Boxdorfer and Lane alleged that Chrysler knew that the defects in the painting process would cause the paint to fail after the warranty expired on the vehicles, and deceptively and wrongfully concealed this information from purchasers and lessors.  Boxdorfer and Lane alleged a class action claim on behalf of:

> [A]ll persons in the U.S. who: (a) currently own or lease a 1990-1997 model year Chrysler vehicle that currently exhibits topcoat to Ecoat delamination; or (b) currently own or lease a 1990-1997 model year Chrysler vehicle, and paid to repair topcoat to Ecoat delamination on that vehicle; or (c) previously owned or leased a 1990-1997 model year Chrysler vehicle, and paid to repair topcoat to Ecoat delamination on that vehicle.

Complaint, ¶ 40.[1]  The class definition excluded certain owners or lessees

---

[1] The Complaint alleged a second class action claim based on common law fraud, but this claim was dropped from the Second Amended Complaint.

from the class. An Amended Complaint was filed on January 5, 2001. The Amended Complaint eliminated the exclusions and covered all persons within the definition quoted above. Notice of Removal (d/e 1), Exhibit C, Amended Class Action Complaint (Amended Complaint), ¶ 48. Chrysler moved to transfer venue. The motion was denied initially, but Chrysler prevailed on interlocutory appeal. Boxdorfer v. DaimlerChrysler Corp., 339 Ill.App.3d 335, 345, 790 N.E.2d 391, 399 (2003). On May 6, 2004, the case was transferred to the Illinois Circuit Court for Sangamon County, Illinois.

On March 16, 2004, Plaintiff Deborah Lee Franke filed a separate class action case against Chrysler in the Illinois Circuit Court for St. Clair County, Illinois. Notice of Removal, Exhibit A. The claim was also based on deceptive practices in concealing the problem of topcoat delamination. On April 11, 2005, the Franke action was transferred to Sangamon County Circuit Court. Id., Exhibit D, Stipulated Order Regarding Transferring Case to Sangamon County, Illinois.

On July 14, 2005, the Plaintiffs filed a Second Amended Complaint in this action in the Illinois Circuit Court for Sangamon County, Illinois. Id., Exhibit G, Second Amended Class Action Complaint (Second Amended

3

Complaint). The Second Amended Complaint added Plaintiffs Franke, Stan Alcon, Alan Zuckerman, and Charles Watson as named Plaintiffs to this action. The Second Amended Complaint added allegations of the individual claims of each new Plaintiff, but the class action allegations remained largely unchanged. The Second Amended Complaint alleged a smaller class limited to Chrysler purchasers and lessees in ten states instead of all Chrysler purchasers and lessees nationwide. The Second Amended Complaint alleged a class of:

> All persons in California, Florida, Illinois, Massachusetts, Michigan, New Jersey, New York, North Carolina, Ohio and Virginia, and who: (a) are the original owner or lessee of a 1990-1997 model year Chrysler that currently exhibits topcoat delamination or are (or were) the original owner and paid to repair topcoat delamination; or (b) are the current owner of a 1990-1997 model year Chrysler vehicle that was purchased within five (5) years of the model year and exhibited topcoat delamination after its purchase.

Id., ¶ 65.

Chrysler then removed this action from the Illinois Circuit Court on August 10, 2005. Chrysler asserted in its Notice of Removal that this Court has removal jurisdiction pursuant to the Class Action Fairness Act of 2005 (CAFA). Pub. L. 109-2, 119 Stat. 4 (CAFA). Notice of Removal, at 3-9. CAFA became effective on February 18, 2005. Chrysler asserted no other

basis for removal jurisdiction.

The Plaintiffs argue that removal was improper because: (1) the Notice of Removal was procedurally defective; and (2) the Court has no jurisdiction under CAFA because the class action claim commenced on June 2, 2000, before CAFA's effective date. Chrysler agrees that CAFA only grants subject matter jurisdiction for class action cases that commenced after CAFA's effective date of February 18, 2005, but argues that the class action claims filed by Plaintiffs Franke, Alcon, Zuckerman, and Watson commenced after that date because these Plaintiffs' claims were added in the Second Amended Complaint on July 14, 2005, after CAFA's effective date. Chrysler also argues that any possible defect in the Notice of Removal was not jurisdictional and that it has filed the Motion to Substitute to cure the alleged defects.

## ANALYSIS

Plaintiffs first argue that Chrysler failed to attach all required documents to its Notice of Removal. The removal statute states that the notice of removal should contain, "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The party removing the action should also file, "the

initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Chrysler did not attach everything that was filed and served on it in this action since 2000, and it specifically did not attach the original Complaint. Rather, Chrysler attached the Amended Complaint and the Second Amended Complaint. The failure to attach such documents is not jurisdictional and will not result in remand as long as sufficient documents are attached to show the basis for jurisdiction. Riehl v. National Mut. Ins. Co., 374 F.2d 739 (7th Cir. 1967). Chrysler has attached sufficient documents to demonstrate the basis on which it asserts subject matter jurisdiction. Chrysler further has filed the Motion to Substitute to add additional documents to clear up any question regarding jurisdiction. The Motion to Substitute is allowed. The additional documents give the Court more than sufficient information to decide the question of removal jurisdiction. The Court therefore will not remand due to a procedural defect.

The Court, however, is convinced that the class action claim commenced before the effective date of CAFA, and so, remands this matter to state court. CAFA authorizes this Court to exercise removal subject matter jurisdiction for certain class action cases that commenced after its

effective date, February 18, 2005. Schorsch v. Hewlett-Packard Co., 417 F.3d 748, 749 (7th Cir. 2005). The question of when a case commenced is governed by the jurisdiction in which the case was filed. Id. This action was filed in Illinois. Under Illinois law, an amendment to pleadings does not commence a new action if the amendment relates back to the original complaint. Id. An amendment relates back if the original complaint, "furnished to the defendant all the information necessary ... to prepare a defense to the claim subsequently asserted in the amended complaint." Id. at 751 (quoting Boatmen's Nat. Bank of Belleville v. Direct Lines, Inc., 167 Ill.2d 88, 102, 212 Ill.Dec. 267,656 N.E.2d 1101, 1107 (1995). In this case, the class action allegations in the original Complaint and the Amended Complaint encompass the class action allegations in the Second Amended Complaint. The class alleged in the Second Amended Complaint is a subset of the class alleged in the earlier pleadings, because the class is limited to ten states rather than the entire nation, but the class action claim for this subset is effectively unchanged. The original Complaint, therefore, gave Chrysler all the information necessary to defend the class action claim asserted in the subsequent Second Amended Complaint. Therefore, the class action claims in the Second Amended Complaint related back to the original filing in June

2000, and did not commence with the filing of the Second Amended Complaint in July 2005.

Chrysler argues that Plaintiffs Franke, Alcon, Zuckerman, and Watson alleged unique facts peculiar to themselves regarding the injury each has suffered. Chrysler argues that Franke, Alcon, Zuckerman, and Watson's individual claims based on these unique facts do not relate back to the original Complaint or the Amended Complaint. Chrysler argues that the class action claims, alleged by Franke, Alcon, Zuckerman, and Watson, cannot be separated from these individual claims because the right of each of them to assert a class action claim is dependent on the fact that each has an individual claim that places him or her within the class. Thus, Franke, Alcon, Zuckerman, and Watson are actually alleging new class action claims that commenced at the filing of the Second Amended Complaint, after the effective date of CAFA.

The Court disagrees. Class action proceedings can change named plaintiffs and proceed as the same class action. If the named plaintiff somehow ceases to be an adequate class representative, he is dismissed from the action, but the action is not automatically dismissed. Rather, another member of the class can be substituted as a replacement. See Wheatley v.

8

Board of Educ. of Tp. High School Dist. 205, 99 Ill.2d 481, 487, 459 N.E.2d. 1364, 1368 (1984). In such circumstances, the class action does not start over even though the new plaintiff has individual claims based on facts unique to him. Rather, he becomes a different (or sometimes an additional) plaintiff to represent the class. Similarly, Franke, Alcon, Zuckerman, and Watson have been added as additional Plaintiffs to represent the same class seeking the same relief. They did not file new class action claims.[2]

Chrysler also argues that the Second Amended Complaint cannot relate back to the original Complaint because the original Complaint did not state a valid claim. Chrysler argues that the original Complaint, on its face, shows that the Boxdorfer and Lane's claims were barred by the statute of limitations. The Act has a three-year statute of limitations. 815 ILCS 505/10a(e). Boxdorfer and Lane purchased their vehicles in 1990 and 1991, respectively. Boxdorfer discovered the defective paint on his vehicle in 1994, and Lane discovered the defective paint on her vehicle in 1993.

---

[2]Members of the class may also intervene. E.g., Todt v. Ameritech Corp., 327 Ill.App.3d 359, 763 N.E.2d 389 (2002). When this occurs, again, the intervening class members assert new personal claims to establish a right to intervene, but the class action does not start over. The intervening class members are added as additional participants in the ongoing proceeding. They do not start a new class action.

Chrysler argues that they should have filed within three years of discovering the defective paint. They did not. They did not file this action until June 2000.

Boxdorfer and Lane alleged that Chrysler fraudulently concealed information and, as a result, they could not bring the actions sooner. Complaint, ¶ 49. The Amended Complaint alleges that Boxdorfer and Lane could not have discovered this information until 1997, when a "Dateline" television program disclosed the information. Amended Complaint, ¶ 57. In Illinois, the statute of limitations begins to run when the plaintiff knows or reasonably should know that he has been injured and that the injury was wrongfully caused. Swan & Weiskopf, Ltd. v. Meed Associates, Inc., 711 N.E.2d 395, 399 (1999). The question of when a plaintiff knew, or reasonably should have known, enough to bring an action is an issue of fact. Id.

To know that an injury is wrongful under the Act, the injured party must have some reason to believe that the potential defendant intended the injured party to rely on the deceptive practices. E.g., Siegel v. Levy Organization Development Co., Inc., 153 Ill.2d 534, 542, 607 N.E.2d 194, 198, 289 (1992). Boxdorfer and Lane clearly knew that they were injured

10

in 1993 and 1994, but it is not clear when they had enough information to know that Chrysler intended that they rely on its deceptive practices. The statute of limitations may not have started running until Boxdorfer and Lane knew Chrysler's intent. The original Complaint does not, on its face, show when Boxdorfer and Lane had reason to know Chrysler's intent. The Amended Complaint alleges that Boxdorfer and Lane did not have sufficient information until the 1997 "Dateline" television program. If so, Boxdorfer and Lane's claims filed in 2000, may not be barred, and so, the class-claims of Franke, Alcon, Zuckerman, and Watson may relate back to the original Complaint.

Chrysler also argues that the individual claims of Franke, Alcon, Zuckerman, and Watson cannot relate back to the original Complaint because their individual claims are barred by the statute of limitations. The filing of a class action claim in Illinois state court generally tolls the Act's statute of limitations for the individual claims of putative Illinois class members. Portwood v. Ford Motor Company, 183 Ill.2d 459, 701 N.E.2d 1102 (1998). If class certification is denied in a class action, however, the statute is no longer tolled. Id. Persuasive authority holds that once class certification has been denied in one class action case, the statute of

limitations should not be tolled by the filing of a second class action asserting the same claim; otherwise the statute could be tolled indefinitely by successive filings by different members of the putative class. See e.g., Basch v. Ground Round, Inc., 139 F.3d 6, 11 (1st Cir. 1998). Several class actions have been filed against Chrysler across the country asserting similar paint failure claims, and class certification was denied in at least one of them. See Boxdorfer v. DaimlerChrysler Corp., 339 Ill.App.3d at 337, 790 N.E.2d at 392. Chrysler argues that the original Complaint in this case, therefore, was a successive class action claim, and it did not toll the running of the statute on the individual claims of class members such as Franke, Alcon, Zuckerman, and Watson.

This argument goes to whether the individual claims of Franke, Alcon, Zuckerman, and Watson in the Second Amended Complaint relate back to the original Complaint, not whether the class action claim relates back. The Court does not decide whether Franke, Alcon, Zuckerman, and Watson's individual claims relate back to the original Complaint or whether those claim are barred by the statute of limitations.[3] The Court only decides that

---

[3]The Court notes, however, that class action cases filed in other jurisdictions did not toll the Act's statute of limitations for Illinois residents, such as Franke, Alcon, Zuckerman, and Watson. Portwood v. Ford Motor Corp., 183 Ill.2d at 465-66, 701

the Second Amended Complaint did not commence a new class action claim: rather, the amendment only added Franke, Alcon, Zuckerman, and Watson as additional class plaintiffs to represent the putative class. The pending class action, therefore, commenced before the effective date of CAFA, and this Court does not have removal subject matter jurisdiction. On remand, the state court can address whether any of the individual Plaintiffs' claims are barred by the statute of limitations.

The Plaintiffs seek attorneys fees for bringing this Motion to Remand. The Court has discretion to award attorney fees for a successful motion to remand. 28 U.S.C. § 1447(c); Sirotzky v. New York Stock Exchange, 347 F.3d 985, 988 (7th Cir. 2003). This Court agrees with Chrysler that this case raises a novel issue regarding removal under CAFA, and Chrysler had a good faith basis to seek removal. The Court therefore will not award attorneys fees in this case.

THEREFORE, Defendant DaimlerChrysler Corporation's Motion to Substitute Exhibits to Notice of Removal (d/e 8) is ALLOWED, and the Plaintiffs' Motion to Remand (d/e 6) is ALLOWED. This case is remanded

---

N.E.2d at 1104-05. Thus, tolling the statute of limitations by this class action case would not result in a successive or multiple tolling of the statute of limitations, at least for Illinois residents.

to the Illinois Circuit Court for Sangamon County, Illinois, for all further proceedings. This case is closed in this Court.

IT IS THEREFORE SO ORDERED.

ENTER: October 25, 2005.

    FOR THE COURT:

                           s/ Jeanne E. Scott
                           JEANNE E. SCOTT
                UNITED STATES DISTRICT JUDGE